UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
IN RE MERDIAN FUNDS GROUP          :
SECURITIES & EMPLOYEE              :   09 MD 2082
RETIREMENT INCOME SECURITY ACT     :
(ERISA) LITIGATION                 :
:
------------------------------------------------x
:
NEW JERSEY CARPENTERS ANNUITY      :
FUND, ET AL.,                      :
:
Plaintiffs,       :
:
- against -         :   10 Civ. 5738 (TPG)
:
:   **OPINION**
MERIDIAN DIVERSIFIED FUND          :
MANAGEMENT, ET AL.,                :
:
Defendants.       :
------------------------------------------------x

On October 21, 2009, this court ordered consolidation of certain cases alleging violations of the Employee Retirement Income Security Act (ERISA), the Securities Act of 1933, etc., against Meridian Diversified Fund Management, LLC ("Meridian Diversified") and its affiliates ("the Meridian MDL"). Plaintiffs in the instant case are subject to the consolidation order but object to being so consolidated.

Plaintiffs objection is overruled.

## BACKGROUND

Plaintiffs in the instant case are various employee benefit funds that invested in funds managed by Meridian Diversified. A portion of Meridian Diversified's funds were then invested in other funds that, in turn, invested with Bernard Madoff. Meridian Diversified's funds and, in turn, plaintiffs suffered losses as a result of Madoff's fraud.

Plaintiffs--suing derivatively on behalf of the funds in which they invested--originally brought suit in New York state court, alleging common law breach of fiduciary duty, and other state common law claims. Defendants removed the action to federal court in August 2010 and sought to have it consolidated in the Meridian MDL. Plaintiffs objected to consolidation and moved to remand the action to state court, claiming that none of their claims arise under federal law. Plaintiffs' motion to remand was denied in May 2011. In denying the motion to remand, the court found that although plaintiffs' complaint pleaded only state law claims, plaintiffs' breach of fiduciary duty claims were within the scope of ERISA's civil enforcement scheme and were thus, in reality, federal law claims.

## DISCUSSION

The decision to consolidate cases for pre-trial purposes rests in the discretion of the trial judge. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990). "In the exercise of discretion, courts have taken the view that considerations of

judicial economy favor consolidation." Id. at 1285; see also Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003, 1006 (2d Cir. 1995).

The instant case relies on the same allegations and makes similar claims as those contained in the consolidated complaint, implicating, among other things, ERISA. Thus common issues of law and fact pervade the instant case and the Meridian MDL. This weighs in favor of consolidation. See Johnson, 899 F.2d at 1284.

Plaintiffs' primary concern underlying their objection is that a derivative action, like the instant action, should not be consolidated with a class action, like the Meridian MDL. However, such consolidation for pre-trial purposes is commonplace and will aid the court in efficient pre-trial administration of these cases. See, e.g., Glauser v. EVCI Career Colleges Holding Corp., 236 F.R.D. 184 (S.D.N.Y. 2006). Thus the court does not, at this early point, share plaintiffs' concern. Should problems arise later the court can revisit this determination. See id. at 186.

## CONCLUSION

Plaintiffs' objection to consolidation is overruled.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/2011

Dated: New York, New York
August 30, 2011

_Thomas P. Griesa_
Thomas P. Griesa
U.S. District Judge