UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERIDIAN FUNDS GROUP SECURITIES & ERISA LITIGATION | Master File No. 09 M.D. 2082 |
| NEW JERSEY CARPENTERS ANNUITY FUND, NEW JERSEY CARPENTERS WELFARE FUND, and GEORGE LAUFENBERG, Plaintiffs, v. MERIDIAN DIVERSIFIED FUND MANAGEMENT, *et al.*, Defendants, and MERIDIAN DIVERSIFIED ERISA FUND, LTD., Nominal Defendant. | 10 Civ. 5738 **OPINION** |

This is an action to recover money lost by the Meridian Fund to the now-infamous Bernard Madoff Ponzi scheme. The fund plaintiffs—the New Jersey Carpenters Annuity Fund and the New Jersey Carpenters Welfare Fund—are "plans" under ERISA. Laufenberg is the "Administrator-Manager" of the fund plaintiffs.

Defendants move to dismiss the complaint, contending that plaintiffs cannot sue on behalf of the Meridian Fund because the Fund does not have standing to sue. Defendants also assert that plaintiffs are not shareholders and therefore cannot maintain a derivative suit. The motion to dismiss is granted.

1

**Background**

Plaintiffs allege that, in investing their plan assets, they purchased shares in the Meridian Fund. The Meridian Fund invested a substantial portion of its assets in another fund called Rye Select Broad Market XL Portfolio Limited which was owned by Tremont Group Holdings, Inc. That fund, in turn, entrusted its assets with Bernard Madoff and his firm Bernard L. Madoff Investment Securities, LLC. Therefore, plaintiffs allege, when Madoff's Ponzi scheme was exposed the plaintiff funds lost millions of dollars.

This action is a putative derivative action asserting ERISA claims against Meridian Management on behalf of the Meridian Fund. In short, plaintiffs allege that defendants breached the fiduciary duties and duty of prudence that they owed to the plaintiff funds by inadequately investigating Tremont and the Rye Fund before investing.

Defendants make this motion to dismiss on procedural grounds, as will be described.

**Discussion**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint, but the court may consider documents attached or integral to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

State-Law Claims

Plaintiffs' original complaint alleged only state-law derivative claims on behalf of the Meridian Fund, but the court dismissed those claims because they were preempted by ERISA. Those state-law claims have been reasserted in this amended complaint. Those claims are again dismissed.

ERISA Claims

Plaintiffs also assert derivative ERISA claims. These claims, however, suffer from two major deficiencies.

First, plaintiffs purport to sue on behalf of the Meridian Fund under § 502(a) of ERISA. But the Meridian Fund does not have standing to sue under that provision. Only the Secretary of Labor or a plan "participant, beneficiary, or fiduciary" may bring a civil suit under § 502, nobody else. Connecticut v. Physicians Health Servs. of Connecticut, Inc., 287 F.3d 110, 121 (2d Cir. 2002). Because the Meridian Fund is not such a party, it follows that it has no standing to sue under ERISA § 502, nor can a derivative action be brought on its behalf. This conclusion alone warrants dismissal of the complaint.

But there is another defect. After three years of litigation and two amended derivative complaints it is now revealed that, contrary to the allegations in those complaints, plaintiffs are not, in fact, shareholders in the Meridian Fund. Plaintiffs concede that they have already redeemed their shares. Federal Rule of Civil Procedure 23.1 and the general principles underlying derivative suits dictate that a derivative suit may only be brought by a current shareholder. See Martinez v. Barasch, No. 01 Civ. 2289, 2004 WL 1555191 (S.D.N.Y. July 12, 2004) (collecting cases).

Although plaintiffs concede that they do not own shares, they contend that they may maintain a derivative suit nonetheless.  First, they contend that they own shares in a separate fund called "MDF Special Investments SPC., Ltd. – MDEF/RSBM Segregated Portfolio," which was funded by the Meridian Fund to provide a vehicle to finance litigation against Tremont on behalf of Meridian Fund shareholders.  As an initial matter, this allegation does not appear in the complaint.  Plaintiffs instead offer it only in their papers in opposition to the motion to dismiss.  A party cannot amend its complaint in this way.  The court will disregard this new allegation.  In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001).  But even considering this new allegation, the court cannot see any reason why ownership of shares in this separate fund would confer the power to sue on behalf of the Meridian Fund.  Plaintiffs, as non-shareholders, would still lack standing because they would receive no benefit—direct or indirect—from any recovery Meridian Fund gains as a result of the suit.

Second, plaintiffs contend that the Second Circuit has cast doubt upon the applicability of Rule 23.1 to an action under § 502(a) of ERISA, citing Coan v. Kaufman, 457 F.3d 250, 257 (2d Cir. 2006).  But Coan was a direct suit under § 502(a).  The plaintiff was a participant (or former participant) of the plan.  Under those circumstances, the Second Circuit held that because § 502(a) expressly authorized the suit, the plaintiff might not be required also to comport with the requirements of Rule 23.1.  The court did not hold that these rules and principles were inapplicable to § 502(a) suits brought derivatively.

Since the beginning of this litigation, plaintiffs have insisted that this was a derivative action brought on behalf of the Meridian Fund, not a direct § 502(a) action.  This sort of suit is plainly governed by Rule 23.1—it is a suit "brought by one or more [purported] shareholders or

4

members to enforce a right of a corporation or of an unincorporated association." Fed. R. Civ. P. 23.1. Accordingly, plaintiffs' failure to retain their shares in the Meridian Fund compels dismissal of the action.

Furthermore, plaintiffs are ordered to show cause why they should not be sanctioned for violations of Federal Rule of Civil Procedure 11(b). In a putative derivative suit such as this one, an allegation that the plaintiff is a shareholder in the nominal defendant is both crucial and, one would think, easily verified. Given the extensive litigation in this case since plaintiffs allegedly divested themselves of their shares in the Meridian Fund, there is a real chance that defendants have been made to waste considerable resources. In fact, defendants contend that they have wasted $150,000 responding to a baseless complaint.

## Conclusion

Plaintiffs' derivative state-law claims have already been dismissed by this court as preempted by ERISA. It now dismisses them for a second time. Plaintiffs' derivative claims under ERISA § 502(a) are also dismissed. As indicated above, the court will consider a motion for sanctions if such a motion is made.

This opinion resolves the motion listed as document number 69 in case 10 Civ. 5738 and document 97 in case 09 M.D. 2082.

So ordered.

Dated:   New York, New York
    March 26, 2014

/s/ Thomas P. Griesa
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
FILED: 3/26/14

5