Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
In re MERIDIAN FUNDS GROUP SECURITIES : No. 09-md-2082
& EMPLOYEE RETIREMENT INCOME :
SECURITY ACT (ERISA) LITIGATION :
:
---------------------------------------x

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*If you purchased shares in the Meridian Diversified ERISA Fund, Ltd. ("MDEF") from March 24, 2004 through December 11, 2008, directly or indirectly (through an employee benefit plan or an Individual Retirement Account ("IRA") that purchased such shares), and are not otherwise excluded from the Class (see Questions 6 and 7 below), you (or the employee benefit plan or IRA) could get a payment from a class action settlement.[1]*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** Purchasers of shares in MDEF during the period from March 24, 2004 through December 11, 2008 (the "Class Period").

**Settlement Fund:** $6,150,000 in cash plus any interest earned. Your recovery will depend on the number of shares you purchased in MDEF during the Class Period and whether you redeemed or transferred ownership of any of those shares prior to December 11, 2008. Your recovery will also depend on the number of Class Members who submit claims.

**Reasons for Settlement:** The settlement avoids the costs, delays, and risks associated with continued litigation, including the danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in a complete loss for Lead Plaintiff and the Class on questions of class certification, liability, and damages. The Defendants vigorously deny all liability and further disclaim that the Lead Plaintiff and the Class suffered money damages that could have been won if Lead Plaintiff prevailed at trial. The parties disagree about both liability and damages, including that Defendants deny all wrongdoing and the parties disagree whether the Class Members suffered damages or otherwise were harmed by the matters alleged by Lead Plaintiff.

**Attorneys' Fees and Expenses:** Court-appointed Lead Counsel intend to submit an application or applications for distributions to Lead Plaintiff's Counsel for attorneys' fees not to exceed 19% of the Settlement Amount and expenses of no more than $200,000, plus interest thereon, to be paid from the Settlement Fund. Lead Counsel seek those fees and expenses for their work investigating the facts, prosecuting the Action, and negotiating this settlement on behalf of Lead Plaintiff and the Class.

**Deadlines:**

| | |
|---|---|
| Submit Claim: | August 1, 2016 |
| Request Exclusion: | August 17, 2016 |
| File Objection: | August 17, 2016 |

**Court Hearing on Fairness of Settlement:** September 7, 2016

**For More Information:**

| | |
|---|---|
| *Meridian ERISA Litigation* | Ellen Gusikoff Stewart, Esq. |
| Claims Administrator | ROBBINS GELLER RUDMAN |
| c/o Gilardi & Co. LLC | & DOWD LLP |
| 3301 Kerner Blvd. | 655 West Broadway, Suite 1900 |
| San Rafael, CA 94901 | San Diego, CA 92101 |
| Tel: 1-844-861-5484 | Tel: 1-800-449-4900 |

---

[1] This Notice incorporates by reference the definitions in the Settlement Agreement dated April 11, 2016 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. To obtain a copy of the Stipulation and all of its Exhibits, *see* Question 25 below.

1

**Your legal rights are affected whether or not you act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment is to submit the enclosed claim form.<br>**If you wish to receive your share of the financial benefit provided under the settlement, the deadline for doing so is August 1, 2016.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that might allow you to participate in another lawsuit against Defendants for the legal claims in this case.<br>**If you want to exclude yourself, the deadline for doing so is August 17, 2016.** |
| **OBJECT** | You may write to the Court if you do not like this settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.<br>**If you want to object, the deadline for doing so is August 17, 2016.** |
| **GO TO THE FAIRNESS HEARING** | You may ask to speak in Court about the fairness of the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation.<br>**If you want to speak at the hearing, the deadline to give notice of your intention to do so is August 17, 2016.** |
| **DO NOTHING** | Get no payment. Give up your rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.
- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1.    Why did I get this notice package?**

You or someone in your family may have purchased shares in MDEF during the period from March 24, 2004 through December 11, 2008, or you may be a fiduciary of an employee benefit plan or owner of an IRA that made such purchases.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this multidistrict class action litigation, and all of the lawsuits constituting it (the "Action"), is the United States District Court for the Southern District of New York, and the case is known as *In re Meridian Funds Group Securities & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2082 (S.D.N.Y.). The entity that is asserting claims in the Action, Pension Trust Fund for Operating Engineers, is called Lead Plaintiff, and the companies and the individuals it sued are called Defendants.[2]

**2.    What is this lawsuit about?**

The Action arises from the Bernard L. Madoff scandal. Lead Plaintiff purchased shares in MDEF, which allocated a portion of its investable assets to shares of the Rye Select Broad Market XL Portfolio Ltd. (the "Rye

---

[2]    The Defendants are Meridian Capital Partners, Inc. ("Meridian Capital"), Meridian Diversified Fund Management, LLC ("Meridian Diversified") (collectively, "Meridian"), William H. Lawrence, Donald J. Halldin, John L. Sica, Robert J. Murphy, Howard B. Fischer, Laura K. Smith, Peter M. Brown, and Mark A. Hurrell (collectively, the "Individual Defendants").

2

Fund"), an investment fund managed by Tremont Partners, Inc. The Rye Fund entered into "total return" swap transactions with various financial institutions, under which these swap counterparties would provide the Rye Fund with a return linked to the economic performance of an investment fund subadvised by Bernard L. Madoff Investment Securities LLC, in exchange for payment by the Rye Fund of a floating rate of interest on any leverage embedded in the swap. Lead Plaintiff alleges that Defendants acted imprudently by allowing a portion of MDEF's assets to be invested in the Rye Fund.

Defendants deny those allegations and further deny that Lead Plaintiff or the Class suffered damages or were otherwise harmed by the matters alleged in the Action. Defendants continue to believe the claims asserted against them are without merit, and they have agreed to enter into the settlement solely to avoid the expense, distraction, and time associated with continuing the litigation.

### 3. Why is this a class action?

In a class action, one or more people and/or entities called class representatives (in this case, the Pension Trust Fund for Operating Engineers) sue on behalf of people who have similar claims. All of these people and/or entities are called the "Class." One judge – in this case, United States District Judge Thomas P. Griesa – resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. What has happened in the lawsuit?

Lead Plaintiff has asserted claims arising under the federal securities laws, state laws, and ERISA. Defendants filed a motion to dismiss Lead Plaintiff's claims, and the Court granted in part and denied in part Defendants' motion. The Court dismissed all fraud claims, whether advanced under the federal securities laws or the common law, and all other common law claims for relief. The Court also dismissed all claims arising from losses allegedly suffered in funds other than MDEF, and allowed only claims for alleged losses in MDEF arising under ERISA to proceed. The parties have engaged in extensive document and deposition discovery, and Lead Plaintiff moved for class certification, which motion Defendants have opposed. On July 29, 2015, the parties participated in a mediation before a neutral, third-party mediator, which thereafter resulted in their agreement to settle the Action on the terms set forth in the Stipulation and summarized in this Notice.

### 5. Why is there a settlement?

The Court did not make a final decision in favor of Lead Plaintiff or Defendants. Instead, the lawyers for both sides in the lawsuit have negotiated a settlement, with the assistance of a mediator, that they believe is in the best interests of their respective clients. The settlement allows both sides to fully and finally resolve this Action while avoiding the risks, delay, and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also permits eligible Class Members to be compensated without further delay. Lead Plaintiff and its attorneys think the settlement is best for all Class Members.

## WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

### 6. How do I know if I am part of the settlement?

The Class includes all Persons who purchased shares in MDEF during the period from March 24, 2004 through December 11, 2008 (or who are fiduciaries of employee benefit plans or owners of IRAs that purchased such interests).

### 7. Are there exceptions to being included in the Class?

Yes. Excluded from the Class are Defendants, members of the immediate family of each of the Individual Defendants, the directors, officers, subsidiaries, and affiliates of Meridian during the Class Period, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

8. **I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help. You can call a representative of Lead Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, at 1-800-449-4900 for more information; or you can fill out and return the claim form described in Question 11 to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

9. **What does the settlement provide?**

The settlement will provide a total of $6,150,000.00 in cash. That amount, plus interest earned from the date the Settlement Fund is established, less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid claim forms ("Authorized Claimants"). Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice, the costs of claims administration, and taxes on the Settlement Fund.

10. **How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members submit; the number of shares you purchased in MDEF during the period from March 24, 2004 through December 11, 2008, and whether you redeemed any of your shares during that period.

The calculation of claims described below is not an estimate of the amount you will receive. It is a formula ("Plan of Allocation") for allocating the Net Settlement Fund among all Authorized Claimants.

**If you purchased shares in MDEF during the Class Period directly or indirectly (through an employee benefit plan or an IRA that purchased shares), and you or your plan or IRA suffered a loss as a result of the alleged misconduct, you will have an allowed claim equal to the value of your supposed indirect ownership of MDEF's principal investment in the Rye Fund. Your allowed claim will be calculated on a monthly basis, beginning on the date of MDEF's initial investment in the Rye Fund (October 1, 2006) or the date of your initial investment in MDEF, whichever is later, and ending on the date immediately prior to MDEF's recognition, for accounting purposes, of the loss of its principal investment in the Rye Fund. The result of this calculation is the dollar amount of your allowed claim which appears on the pre-printed claim form.**

**No Class Member will receive 100% of its allowed claim; rather, each Class Member that timely and accurately submits a valid claim form will receive its *pro rata* share of the Net Settlement Fund, calculated on the basis of its allowed claim. Accordingly, your share of the Net Settlement Fund will be the proportion that your allowed claim bears to the aggregate of the allowed claims of all Authorized Claimants.**

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Class Members. No Person shall have any claim against Lead Plaintiff, any of Lead Plaintiff's counsel, or any claims administrator based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. Defendants and their Related Parties, and their counsel have no involvement in or responsibility for and no liability of any kind with respect to the Plan of Allocation, the calculation of claims, or the handling of, disbursement from, or distribution of the Settlement Fund or the Net Settlement Fund. All Class Members who fail to complete and file a valid and timely claim form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any order and/or judgment entered and the releases given.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

11. **How can I get a payment?**

To qualify for a payment, you must be an eligible Class Member, send in a valid claim form, and properly document your claim as requested in the claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it so that it is postmarked no later than August 1, 2016. The claim form may also be submitted by email at Maggie.McGill@Gilardi.com, no later than August 1, 2016.

**12.  When would I get my payment?**

The Court will hold a hearing on September 7, 2016, at 2:00 p.m., to decide whether to approve the settlement. If Judge Griesa approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the claim forms to be processed. Please be patient.

**13.  What am I giving up to get a payment or to stay in the Class?**

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the same issues in this case or about issues that could have been asserted in this case. It also means that all of the Court's orders will apply to you, and legally bind you and you will release your Released Claims in this case against the Released Persons. "Released Claims" collectively means all claims (including "Unknown Claims" as defined below), debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind whatsoever (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees and any other costs, expenses, amounts, or liabilities whatsoever), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether individual or class in nature that Lead Plaintiff or the Class: (a) alleged in any complaint filed or sought to be filed in the Action; or (b) could have asserted in any form or proceeding that: (i) arise out of or are based upon or are related to, directly or indirectly, the facts, matters, allegations, transactions, events, disclosures, statements, representatives, matters or occurrences, acts or omissions which have been or could have been asserted by any member of the Class in the Action, and (ii) arise out of the purchase of shares of MDEF by Lead Plaintiff or any member of the Class during the Class Period. Released Claims do not include claims to enforce this settlement.

"Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its decision to enter into this settlement and release the Released Persons, or might have affected his, her, or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly waive, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, or which otherwise governs or limits a Person's release of unknown claims. Lead Plaintiff or any Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, liquidated or unliquidated, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the settlement of which this release is a part.

"Released Persons" means each and all of the Defendants, and each and all of their Related Parties.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendants on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself, or is sometimes referred to as opting out of the Class.

### 14. How do I get out of the Class?

To exclude yourself from the Class (or if you are a fiduciary of an employee benefit plan or owner of an IRA, to exclude your employee benefit plan or IRA from the Class), you must send a letter by mail stating that you want to be excluded (or that you want your plan or IRA to be excluded) from *In re Meridian Funds Group Securities & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2082 (S.D.N.Y.). Your letter must include the number of shares you, your employee benefit plan, or IRA purchased in MDEF during the Class Period, and whether you are a fiduciary of an employee benefit plan covered by ERISA that purchased such shares. In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked no later than August 17, 2016 to:

*Meridian ERISA Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA  94901

You cannot exclude yourself on the phone or by e-mail. If you properly ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

### 15. If I do not exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves. Remember, the exclusion deadline is August 17, 2016.

### 16. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. If you exclude yourself, you will receive no cash payment, even if you submit a claim form.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Class Members. These lawyers are called Lead Counsel. These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the lawyers be paid?

In the more than six years that this Action has been pending, Lead Counsel have not been paid for their services or for their substantial expenses on behalf of Lead Plaintiff and the Class. At the fairness hearing, Lead Counsel will apply for distributions to Lead Plaintiff's Counsel for an award of attorneys' fees not to exceed 19% of the Settlement Amount and for payment of expenses not to exceed $200,000 in connection with prosecuting the Action, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). Any award of fees and expenses will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The Court may award less than the requested amounts.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses.

### 19. How do I tell the Court that I do not like the settlement?

If you are a Class Member (and you have not excluded yourself), you can object to the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation if you do not like any part of it. You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees and expenses, or the Plan of Allocation. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed settlement in *In re Meridian Funds Group Securities & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2082 (S.D.N.Y.). Be sure to include your (or your counsel's) name, address, telephone number, and signature; proof of your purchases in the MDEF during the Class Period (or, if you are a plan fiduciary, proof of your plan's interest in those funds); state all of the reasons why you object to the settlement, the requested attorneys' fees and expenses, or the Plan of Allocation; and provide all documents you would like the Court to consider. Any such objection must be mailed or delivered such that it is *received* no later than August 17, 2016, by each of the following:

*Court:*

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 Pearl Street
New York, NY 10007-1312

*Lead Counsel:*

ROBBINS GELLER RUDMAN & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101

*Defendants' counsel:*

FRESHFIELDS BRUCKHAUS DERINGER US LLP
MARSHALL H. FISHMAN
SAMUEL J. RUBIN
601 Lexington Avenue, 31st Floor
New York, NY 10022

### 20. What is the difference between objecting and excluding myself from the settlement?

Objecting is telling the Court that you do not like something about the proposed settlement. You can object *only* if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend, but you do not have to.

### 21. When and where will the Court decide whether to approve the settlement?

The Court will hold a hearing on September 7, 2016, at 2:00 p.m., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 26B, New York, New York 10007-1312. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court also will decide whether to approve the payment of fees and expenses and the Plan of Allocation. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

**22.    Do I have to come to the hearing?**

No. Lead Counsel will answer questions Judge Griesa may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend, but you are not required to do so.

**23.    May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing. To do so, you must send a letter saying that it is your intention to appear at the hearing in *In re Meridian Funds Group Securities & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2082 (S.D.N.Y.). Be sure to include your (or your counsel's) name, address, telephone number, and signature; proof of your purchases (or, if you are a plan fiduciary or owner of an IRA, your plan's or IRA's purchases) in MDEF during the Class Period; state all of the reasons why you object to the settlement, the requested attorneys' fees and expenses, or the Plan of Allocation; and provide all the documents you would like the Court to consider. Your notice of intention to appear must be ***received*** no later than August 17, 2016, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in the answer to Question 19. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**24.    What happens if I do nothing at all?**

If you do nothing, you will get no money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the issues in this case.

## GETTING MORE INFORMATION

**25.    Are there more details about the settlement?**

This Notice summarizes the proposed settlement. More details are in the Stipulation dated April 11, 2016, which has been filed with the Court. You can obtain a copy of the Stipulation at the Clerk's office at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, during regular business hours or you can contact a representative of Lead Counsel at the number and address below in the answer to Question 26.

**26.    How do I get more information?**

You can call 1-800-449-4900 or write to a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101. ***Please do not call the Court or the Clerk of the Court for additional information about the settlement.***

DATED:  April 12, 2016                                         BY ORDER OF THE COURT
                                                                              UNITED STATES DISTRICT COURT
                                                                              SOUTHERN DISTRICT OF NEW YORK