UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

In re MERIDIAN FUNDS GROUP        :
SECURITIES & EMPLOYEE RETIREMENT :
INCOME SECURITY ACT (ERISA)        :
LITIGATION                  :
                               :

—————————————————————— x

No. 09-md-2082

DECLARATION OF DAVID A.
ROSENFELD FILED ON BEHALF OF
ROBBINS GELLER RUDMAN & DOWD
LLP IN SUPPORT OF APPLICATION FOR
AWARD OF ATTORNEYS' FEES AND
EXPENSES

I, David A. Rosenfeld, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller").  I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled action.

2.      This firm is counsel of record for Lead Plaintiff Pension Trust for Operating Engineers.

3.      The information in this declaration regarding the firm's time and expenses is taken from time and expense printouts and supporting documentation prepared and/or maintained by the firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and I reviewed these printouts (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  As a result of this review and the adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

4.      After the reductions referred to above, the number of hours spent on this litigation by my firm is 5,359.50.  A breakdown of the lodestar is provided in Exhibit A.  The lodestar amount for

attorney/paraprofessional time based on the firm's current rates is $2,712,852.00.  The hourly rates shown in Exhibit A are the usual and customary rates set by the firm for each individual.

5.       My firm seeks an award of $141,526.38 in expenses in connection with the prosecution of the litigation.  Those expenses and charges are summarized by category in Exhibit B.

6.       The following is additional information regarding certain of these expenses:

(a)       Filing, Witness and Other Fees: $2,358.39.  These expenses have been paid to the Court for filing fees, to the Securities and Exchange Commission for FOIA requests, and to attorney service firms or individuals who either: (i) served process of the complaint or subpoenas, (ii) obtained copies of Court documents for plaintiff, or (iii) delivered letters to the Honorable Thomas P. Griesa.  The vendors who were paid for these services are set forth in Exhibit C.

(b)       Class Action Notices/Business Wire: $1,020.00.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's "early notice" requirement, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)       Transportation, Hotels & Meals: $9,061.33.  In connection with the prosecution of this case, the firm has paid for travel expenses to attend, among other things, court hearings, to meet with clients, witnesses, mediators and opposing counsel and to take or defend depositions.  The date, destination and purpose of each trip is set forth in Exhibit D.

- 2 -

1164264_2

(d)      Court Hearing and Deposition Reporting, and Transcripts: $11,153.20.  The vendors who were paid for hearing and deposition transcripts are listed in Exhibit E.

(e)      Experts/Investigators: $21,646.60.

(i)      Prudent Expert, LLC: $12,656.25.  Prudent Expert LLC provided expert analysis to plaintiff regarding an investment company's fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA").

(ii)      Edward L. Frost, Jr. dba South Mountain Research: $8,990.35.  This investigator assisted in identifying and interviewing confidential witnesses to support plaintiff's allegations.

(f)      Document Collection and Photocopies: $30,845.31.  In connection with this case, the firm made 8,833 black and white copies.  Robbins Geller requests $0.15 per copy for a total of $1,324.95.  In addition, the firm made 99 color copies.  Robbins Geller requests $0.50 per copy for a total of $49.50.  Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to this case.  My firm also paid $29,470.86 to outside document collection and processing vendors.  A breakdown of these outside charges by date and vendor is set forth in Exhibit F.

(g)      Online Legal and Financial Research: $6,250.15.  These included vendors such as ALM Media Service, LexisNexis Products, PACER, TransUnion Acquisition Corp. and Westlaw.  These databases were used to obtain access to SEC filings, factual databases, legal research and for cite-checking of briefs.  This expense represents the expense incurred by Robbins Geller for use of these services in connection with this litigation.  The charges for these vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts

with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients. For example, the "market rate" charged to others by Lexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(h)    Database Management and Hosting: $48,297.34.  Robbins Geller requests $48,297.34 for database management and hosting charges related to this litigation.  Because of the number of components that are part of hosting documents (i.e., hardware, software, license/access fees, etc.) and the difficulty of allocating a portion of the cost of each component, some of which are multi-year costs, the amount requested is a discounted market rate estimate of what the hosting services used in this action would have cost the Class if performed by an outside vendor, an estimate based on a review by Robbins Geller of what vendors charge for these services.  In the last ten years, electronic discovery has transformed litigation practices and enabled the preservation, collection, production, and review of vast quantities of documents far more efficiently and cost-effectively than was previously possible.  Historically, Robbins Geller retained the services of third-party providers to assist with the storage, analysis, printing, and review of electronic discovery.  However, in the last several years, Robbins Geller has undertaken much of this work in-house through the use of the Relativity platform.  Relativity is offered by over 120 vendors and is currently being used by 190 of the AmLaw200 law firms.  Robbins Geller's Relativity system consists of over 20 servers and

- 4 -

currently consumes more than 50 Terabytes of storage all located in a SSAE 16 Type II data center. Robbins Geller has another 50 Terabytes of storage which serves as our back up in a separate location with automatic replication.  Robbins Geller's Relativity system allows users to securely login, view, search, download, code, and analyze documents produced in this litigation.  Using an in-house system allows Robbins Geller to prosecute actions more efficiently and has reduced the time and expense associated with maintaining and searching electronic discovery databases.  The amount requested reflects charges for the management of the database of over 200,000 pages of documents and over 470,000 native files produced by defendants, plaintiffs and non-parties in this action. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. Robbins Geller charges $14 per Gigabyte per month for less than 500 Gigabytes of data for maintaining, hosting and utilizing its Relativity system.  These rates were developed by Robbins Geller after a review of market rates charged for the same services performed by third-party vendors. The rates set forth here by Robbins Geller reflect the lowest rate of any comparable service found by Robbins Geller.  Robbins Geller's in-house database management and hosting offers additional savings by not charging monthly user fees typically charged by third-party vendors which can range from $70-100 per user per month.  Database Management and Hosting charges are in-house charges, not out-of-pocket expenses paid to outside vendors.

(i)     Mediation Fees: JAMS, Inc.: $9,745.31.  These are the fees of the mediator, Jed D. Melnick, who conducted multiple mediation sessions leading to the settlement of the litigation, one in person and several by phone.

7.     The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

- 5 -

1164264_2

8.      The identification and background of my firm and its partners is attached hereto as Exhibit G.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 2nd day of August, 2016, at Melville, New York.

_____
DAVID A. ROSENFELD

1164264_2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2016, I caused the foregoing Declaration of David A. Rosenfeld Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of Attorneys' Fees and Expenses to be served electronically on all ECF participants.

*s/ Ellen Gusikoff Stewart*
ELLEN GUSIKOFF STEWART